IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 19-12077 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SRINIVASARAO NIMMAGADDA, (a/k/a SRINIVASA RAO NIMMAGADDA), | ) ) ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The United States of America, pursuant to the provisions of 31 U.S.C. § 3711(g)(4)(C), with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this civil action to obtain a money judgment against Srinivasarao Nimmagadda (a/k/a Srinivasa Rao Nimmagadda) (hereinafter "Nimmagadda") for assessments made against him by a delegate of the Secretary of the Treasury pursuant to 31 U.S.C. § 5321. The United States complains and alleges that:

1. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1341, 1345, and 1355(a).

2. Nimmagadda resides in Wayne County, Michigan, within the jurisdiction of this Court.

3. Nimmagadda owns real property in Wayne County, Michigan, situated within the jurisdiction of this Court.

4. During 2013 Nimmagadda was a United States resident.

5. During 2013 Nimmagadda owned and operated the Michigan corporation Vision IT Services (now called Vision IT Services USA), which is headquartered in Farmington Hills, Michigan.

6. During 2013 Nimmagadda owned and operated the Virginia corporation Lorven Applications Inc., which was headquartered in Farmington Hills, Michigan and registered in Michigan to do business as a foreign corporation.

7. During 2013 Nimmagadda incorporated, owned, and operated the Michigan corporation Spectrum Logix, Inc., which was headquartered in Farmington Hills, Michigan.

8. Nimmagadda, had two foreign accounts with Dhanlaxmi Bank in India for varying periods from 2012 to 2015.

9. For the years 2012 to 2015, the statements for the Dhanlaxmi Bank accounts list Srinivasa Rao Nimmagadda as the customer, along with Nimmagadda's U.S. residence address in Northville, Michigan.

10. Numerous transfers were made from Mr. Nimmagadda's U.S. bank accounts to the Dhanlaxmi Bank accounts during the years 2012 to 2015.

11. During calendar year 2013, Nimmagadda had a checking account ending in 0310 at Dhanlaxmi Bank.

12. During calendar year 2013, over $360,000 of deposits were made into the Dhanlaxmi Bank account ending in 0310.

13. On information and belief, during calendar year 2013, Nimmagadda wrote checks on the Dhanlaxmi Bank account ending in 0310 to "self" and to third parties.

14. The highest balance of the Dhanlaxmi Bank account ending in 0310 during 2013 was more than $180,500.

15. Nimmagadda had an interest in a foreign bank, securities, or other financial account in which the aggregate balance, at some time during 2013 exceeded $10,000.

16. Nimmagadda was required to report his interest in a foreign bank, securities, or other financial account for the 2013 year to the United States by submitting, by June 30, 2014 a form known as the TD F 90.22-1, Report of Foreign Bank and Financial Accounts ("FBAR").

17. Nimmagadda's 2013 individual income tax return was prepared by Certified Public Accountant Maged Michail.

18. Mr. Michail asked Nimmagadda whether he had a foreign account in 2013 in the process of preparing Nimmagadda's 2013 individual income tax return.

19. Nimmagadda told Mr. Michail that he did not have any foreign accounts in 2013.

20. Nimmagadda's 2013 individual income tax return did not include a Schedule B, which is used to report interest income, dividend income, and financial interest in or signature authority over foreign accounts.

21. Nimmagadda was aware in 2013 of the requirement to report foreign bank accounts to the United States government.

22. Nimmagadda did not submit the FBAR for 2013 by June 30, 2014.

23. Nimmagadda's failure to submit the FBAR for 2013 by June 30, 2014 was willful.

24. On or about July 14, 2017, a delegate of the Secretary of the Treasury made an assessment ("FBAR penalty"), pursuant to 31 U.S.C. § 5321, against Nimmagadda, in the amount of $100,000 for his willful failure to submit a FBAR for the year ending December 31, 2013.

25. In addition to the principal amount of the FBAR penalty assessment, Nimmagadda, is liable for a late-payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and 31 Code of Regulations § 5.5(a) and for interest accruing pursuant to law.

26.     With interest and other statutory accruals, as of July 3, 2019, the amount due on the FBAR penalty assessed against Nimmagadda for the year ending December 31, 2013 is $113,789.04.

WHEREFORE, the United States seeks the entry of judgment against the defendant, Srinivasarao Nimmagada, in the total amount of $113,789.04, plus interest or other statutory additions accruing after July 3, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


*/s/ Angela R. Foster*
ANGELA R. FOSTER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-9183 (v)
202-514-5238 (f)
Angela.R.Foster@usdoj.gov